IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY FRANKLIN                                                           PLAINTIFF

V.                                          NO. 14-5129

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Timothy Franklin, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on August 31, 2011, alleging an inability to work since June 7, 2011, due to diabetes, arthritis, heart problems, and hearing loss. (Tr. 123-133, 168, 175).

By written decision dated February 6, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – diabetes mellitus, coronary artery disease (CAD), degenerative joint disease, hearing loss, and mood disorder. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ

determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR  404.1567(b) and 416.967(b) except he is able to climb ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, and crawl occasionally and climb ramps and stairs frequently.  The claimant is limited to jobs that do not require excellent hearing capability.  He is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables, requiring little judgment; and supervision required is simple, direct, and concrete.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was capable of performing his past relevant work as a conveyor/feeder/off-bearer. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 19, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 7).  Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards

2

v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

3

to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following issues in this matter:  1) Whether the VE erred in determining Plaintiff could return to his past relevant work as a conveyor feeder off-bearer; 2) Whether the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT); 3) Whether the ALJ erred in not finding Plaintiff's anxiety and obesity to be severe impairments; and 4) Whether the ALJ erred in his credibility analysis. (Doc. 11).

#### A.  Severe Impairments:

Plaintiff argues that the ALJ erred in not finding Plaintiff's anxiety and obesity to be severe impairments. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen**,** 870 F.2d 1392, 1395 (8th Cri. 1989).

4

In his decision, the ALJ found that all other impairments other than those he determined to be severe, were non-severe, "as they have been responsive to treatment and/or cause no more than minimally vocationally relevant limitations (SSR 85-28)." (Tr. 12).

With respect to Plaintiff's obesity, on October 12, 2011, Plaintiff underwent a General Physical Examination by Dr. Clifford Lamar Evans. (Tr. 316). Dr. Evans diagnosed Plaintiff with degenerative joint disease; sensorineural hearing loss-bilateral; coronary heart disease; obesity; and peripheral neuropathy. (Tr. 320). Dr. Evans estimated Plaintiff's hearing loss to be 20%, and found all Plaintiff's ranges of motion were normal except his lumbar spine range of motion was 0-80 degrees instead of 0-90 degrees. (Tr. 318). Plaintiff had no muscle weakness or atrophy, his gait/coordination was ok, there was pain in his hands when he touched his fingertips to his palms and opposed his thumbs to fingers, his balance was poor when walking on heels and toes, he could not get up from a squatting position, and he had normal grip in both hands. (Tr. 319). Dr. Evans concluded that Plaintiff had mild limitation due to the pain in his legs and hips and back, and moderate limitation due to his hearing loss and learning disability. (Tr. 320).

Other than Dr. Evans' diagnosis of obesity, no other physician diagnosed Plaintiff with obesity. Nor are there any functional limitations or restrictions contained in the records relating to Plaintiff's obesity. Plaintiff's cardiologist, Dr. Ahmad Elesber, discussed Plaintiff's diet in some of his records, but never diagnosed him with obesity or noted any limitations from such. (Tr. 294, 297, 377). Based upon the foregoing, the Court finds the ALJ was not required to find obesity as a severe impairment.

Regarding Plaintiff's anxiety, it is noteworthy that in Plaintiff's initial Disability Report – Adult, Plaintiff did not list any mental impairment as a condition that limited his

5

ability to work. On November 15, 2011, Terry Efird, Ph.D., met with Plaintiff and was told that Plaintiff had not previously sought any mental health treatment or medication. (Tr. 336). Dr. Efird reported that the ability of Plaintiff to perform basic self-care tasks independently was endorsed as was the ability to perform household chores adequately. (Tr. 336). Dr. Efird diagnosed Plaintiff with generalized anxiety disorder and depressive disorder NOS, and gave Plaintiff a GAF score of 50-60. (Tr. 338). Dr. Efird also found that Plaintiff communicated and interacted in a basic, but reasonably socially adequate manner for the setting; he communicated most basic information in a reasonably intelligible and effective manner; he had the capacity to perform basic cognitive tasks required for basic work like activities; he appeared able to track and respond adequately for the purposes of the evaluation, although he might have mild to possibly moderate difficulty with attention/concentration; and he generally completed most tasks during the evaluation. (Tr. 339). There is very little in the records indicating that Plaintiff's alleged anxiety had more than a minimal effect on an Plaintiff's ability to work. In addition, the ALJ's RFC limited Plaintiff to unskilled work, limiting Plaintiff to work where interpersonal contact was incidental to the work performed. Finally, it is clear that the ALJ considered all of Plaintiff's impairments, severe and nonsevere.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's conclusions regarding Plaintiff's severe impairments.

    B.    **Credibility Analysis:**

Plaintiff argues that the ALJ did not explain why he rejected his subjective complaints, but instead "merely goes over the medical evidence and gives great weight to the consultative" examiners." (Doc. 11 at p. 15). The ALJ was required to consider all the

6

evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In the present case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible for the reasons explained in his decision. (Tr. 15). Plaintiff indicated he performed self-care tasks independently, helped with household chores, drove and shopped for groceries, went to the post office, took his dogs out and fed them, picked up his wife, and went outside three to four times a day. (Tr. 188-191). Dr. Efird also reported that Plaintiff indicated he went to the library once a week with his wife. (Tr. 339). Dr. Lawrence J. Schemel reported on February 11, 2011, that Plaintiff had been diabetic since he was 33 years old and was diagnosed at the LSU Medical Center in Louisiana with diabetes. He reported that Plaintiff was initially treated with diet and an oral agent, then fairly rapidly placed on insulin, which he had been on for the last 17 years. (Tr. 269). Plaintiff reported he had not had any doctor's care for the last 4 years, and had been buying over-the-counter insulin. (Tr. 269). An ALJ may discount a claimant's subjective complaints based on the

7

claimant's failure to pursue regular medical treatment. See Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003). By March 21, 2011, Plaintiff's diabetes was reported by Dr. Schemel as "much better controlled." (Tr. 288). Evidence of effective medication resulting in relief may diminish the credibility of a claimant's subjective complaints. See Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C:     RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-

MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

The Court finds there is substantial evidence to support the ALJ's RFC determination.

**D.     Past Relevant Work and Conflict between VE's testimony and DOT:**

Plaintiff argues that he did not testify as to how much he had to lift at the conveyor feeder off-bearer job, and therefore there was no basis for finding it was performed at a level that is different from how it was normally performed. At the hearing, the VE testified that Plaintiff's work as a conveyor feeder off-bearer was listed in the DOT as medium, unskilled and two. (Tr. 54). However, he further testified that he believed Plaintiff performed that job at the light level. (Tr. 54-56).

The VE had the opportunity to review Plaintiff's file as well as hear Plaintiff's testimony. (Tr. 53). In his Work History Report dated September 14, 2011, Plaintiff indicated the heaviest weight he lifted in the job in question was less than ten pounds. (Tr. 179). Plaintiff testified that he "straightened out chicken breast patties for them to go through to be marinated and sent on through the freezer." (Tr. 46). Because the ALJ also considered Plaintiff's file, Plaintiff's argument is unavailing.

Plaintiff also argues that there is a conflict between the VE's testimony and the DOT. The VE testified that Plaintiff could perform his past work as a conveyor feeder off-bearer as it was actually performed. An ALJ may rely on testimony from a VE to determine the functional requirements of a claimant's past relevant work as it was actually performed or as generally required by employers in the national economy. See Stephens v. Shalala, 50 F.3d 538, 542 (8th Cir. 1995). Therefore, how the job is generally performed is not in issue, and no conflict exists. The ALJ asked the VE if his testimony had been in accordance with the DOT,

9

its companion publications and his professional experience, to which the VE responded affirmatively. (Tr. 57). The Court therefore finds Plaintiff's argument that the ALJ failed to resolve a conflict to be without merit.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 27th day of August, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE